Case No. 23-2675

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

---

SAMUEL DENK,
Plaintiffs/Appellees,

vs.

MATTHEW MILLER, Sgt. #8937
*Defendant-Appellant*
CITY OF PEORIA, a public entity, et al.
Defendant/Appellant.

---

## APPELLEES' ANSWERING BRIEF

---

Appeal from the United States District
Court For the District of Arizona
No. 2:20-cv-00818-ROS-ASB
Hon. Roslyn O. Silver

---

BLACKWELL LAW OFFICE P.L.L.C
Jocquese L. Blackwell, Esq. (Bar No.
Jocquese@azjustice.com
Gillmore Bernard, Esq. (Bar No. 032306)
Gill@azjustice.com
P.O. Box 13568
Phoenix, Arizona 85002
Telephone: (
Facsimile: (

*Attorneys for Plaintiffs/Appellees*

# TABLE OF CONTENTS

**Page No.:**

INTRODUCTION ........................................................................................1

STATEMENT OF JURISDICTION ...........................................................1

APPELLANTS' STATEMENT OF ISSUES ON APPEAL .......................2

STANDARD OF REVIEW ........................................................................2

STATEMENT OF THE CASE ................................................................2-3

STATEMENT OF FACTS .........................................................................3

SUMMARY OF ARGUMENT ..................................................................5

I.    ARGUMENT ....................................................................................6

    A.    Where a District Court Determines That Factual Issues Genuinely In Dispute Preclude Summary Adjudication, Interlocutory Appeal Is Not Available ................................6

    B.    The District Court Correctly Ruled That Miller Was Not Entitled to Qualified Immunity ...........................................11

II.    CONCLUSION .............................................................................16

STATEMENT OF RELATED CASES ....................................................18

CERTIFICATE OF COMPLIANCE ........................................................18

# TABLE OF AUTHORITIES

**Page No.:**

Cases

A. K. H v. City of Tustin, 837 F.3d 1005, 1010 (9th Cir. 2016) .............................. 8

Ballou v. McElvain, 29 F.4th 413, 421 (9th Cir. 2022)..............................................12

Cruz v. City of Anaheim, 765 F.3d 1076, 1079 (9th Cir. 2014)........................14, 15

Est. of Anderson v. Marsh, 2021 WL 139733 (9th Cir. Jan. 15, 2021)...................11

Flanagan v. United States, 465 U.S. 259, (1984) ..................................................10

Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, (1981) ...........................10

Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).....................................15

Hayes v. Cnty. of San Diego, 736 F.3d 1223, 1233 (9th Cir. 2013).....................16

Isayeva v. Sacramento Sheriff's Dep't, 872 F.3d 938, 944 (9th Cir. 2017) ..........6

Jeffers v. Gomez, 267 F.3d 895, 905 (9th Cir. 2001) ........................................... 9

Johnson v. Jones, 515 U.S. 304 (1995) ............................................................ 7, 10, 11

Lopez v. Gelhaus, 871 F.3d 998, 1012 (2017).................................................. 14, 15, 16

Maropulos v. Cnty. of Los Angeles, 560 F.3d 974 (9th Cir. 2009) ................ 1,5

Pearson v. Callahan, 555 U.S. 223 (2009)........................................................11

Plumhoff v. Rickard, 572 U.S. 765 (2014) .......................................................... 6, 7

Rice v. Morehouse, 989 F.3d 1112, 1120 (9th Cir. 2021)...................................12

Richardson–Merrell Inc. v. Koller, 472 U.S. 424 (1985) ................................... 10

Schwenk v. Hartford, 204 F.3d 1187, 1195 (9th Cir. 2000)) ............................ 2

Xavier v. City Of Riverside 2023 WL 8433959 (9th Cir. Dec. 5, 2023) .......... 16

## INTRODUCTION

This civil rights action arises out of the shooting of Samuel Denk ("Denk") by Appellant Officer Mathew Miller ("Miller") of the City of Peoria Police Department. On September 6, 2023, the district court denied the Defendants' Motion for Summary Judgment as to the Plaintiffs' First Amendment claim. The district court also denied Miller's request for qualified immunity. The district court correctly held that because there were triable issues of material fact that first needed to be decided by a jury, the reasonableness of Miller's use of force could not be decided at this time, and therefore, Miller was not entitled to qualified immunity. By this interlocutory appeal, Defendant-Appellant Miller seeks to overturn the district court's denial of summary judgment as it pertains to Miller's request for qualified immunity.

## STATEMENT OF JURISDICTION

The district court's order denying summary judgment with respect to qualified immunity was premised on the determination that factual issues were genuinely in dispute. Here, Appellant's argument hinges on whether the court considered a factual issue disputed by both parties. Therefore, this Court lacks jurisdiction for this interlocutory appeal. *See Maropulos v. Cnty. of Los Angeles*, 560 F.3d 974, 975 (9th Cir. 2009) (holding that "an order denying qualified immunity on the ground that a genuine issue of material fact exists is not a final, immediately appealable order"). See also, *A. K. H by & through Landeros v. City of Tustin*, 837 F.3d 1005, 1010 (9th Cir. 2016) (holding that the appellate court has

jurisdiction over "legal" but not "factual" interlocutory appeals).

## APPELLANTS' STATEMENT OF ISSUES ON APPEAL

**Issue 1:** Whether the Court of Appeals has jurisdiction over Miller's interlocutory appeal, in which the district court denied qualified immunity on the grounds that triable issues of material fact exist.

**Issue 2:** Whether the district court correctly denied Miller's request for qualified immunity because there exists triable issues of material fact and because the law was clearly established that Miller could not shoot an unarmed man for complying with an order to show his hands.

## STANDARD OF REVIEW

A district court's decision to deny summary judgment on qualified immunity is reviewed de novo, and the Court assumes the version of the material facts asserted by the non-moving party is correct. *Schwenk v. Hartford*, 204 F.3d 1187, 1195 (9th Cir. 2000)).

## STATEMENT OF THE CASE

This Case arises out of the unlawful shooting of Samuel Denk during the routine stop effectuated by Sgt. Mathew Miller. During the traffic stop, Miller noticed a firearm in Denk's lap. Miller gave Denk a command to place his hands on the steering wheel. However, while Denk was raising his hands to place them on the steering wheel and before Denk could complete the request, Miller shot Denk in the face. After being shot, Denk was charged with aggravated assault against Miller. Denk was subsequently acquitted of all charges. Denk filed a lawsuit alleging

Miller's force was excessive under the 4th Amendment.

## STATEMENT OF FACTS

On March 27, 2019, during a routine traffic stop, Defendant Matthew Miller (Miller) of the Peoria Police Department believed that Samuel Denk's (Denk) vehicle taillights were not illuminated. During the encounter, Miller shot Samuel in the face and caused him severe and permanent injuries. Miller was wearing a police-issued body warn camera and a little over 4 minutes were recorded during the stop. Prior to police contact, Denk had rolled all his windows down, which allowed Miller an unobstructed view inside Denk's vehicle. Upon approach of the vehicle, Miller walked directly perpendicular to the open driver's side door where Denk was seated. Denk acknowledges Miller's presence and says, "how are you doing." [BWC @ 00:34] Miller advised Plaintiff Denk that he noticed a firearm in the vehicle. [BWC @ 00:37]. At the time Miller noticed the firearm, Denk's left arm was resting on the driver's side door area, and his right arm was resting on his right leg with his right hand on his knee, with both arms and hands in Defendant Matthew Miller's full sight. [Id.] Contemporaneous with seeing the firearm, Miller gave Denk the following commands; "Do not reach for that firearm, Put your hands on the steering wheel right now" [BWC @ 00:38.805] After the command, Denk turns his head toward Miller can be heard acknowledging the command stating, "yes" or "yeah." [BWC @ 00:00:40.374].

At the time of Miller's first commands, Samuel's arms were in two distinct

3

places, his left arm was resting on the driver's side door with his left hand and arm fully in sight, and Samuel's right arm was resting between his right thigh and knee area with his right hand on his knee. [Id.] Upon seeing Denk's firearm, Defendant Matthew Miller unholsters his duty weapon and places his finger on the trigger. [BWC @ 00:00:40.307; ER-33-34 ("Still frame from BWC")]. Miller then yells: "put your hands on the steering wheel!, put your hands on the…". [BWC @ 00:00:41.341.]. The BWC video shows Defendant Matthew Miller pointing his duty weapon at and/or near Plaintiff Denk's head. [Id.]. Plaintiff Denk then complies with Defendant Matthew Miller's command and raises his left and right hand toward the steering as directed prior to being shot. [Exhibit A @ 00:00:41.542-00:00:41.708.; Exhibit B ("Still frame from BWC"); Miller Depo Pg 74 Ln19-25, Pg 75 Ln 1-2].

Denk was unarmed when he raised his hands toward the steering wheel as commanded. [Id..]. BWC video does not show Plaintiff moving his left hand towards his lap area after any of the commands by Defendant Matthew Miller were given. [BWC] The BWC video does not show Denk reaching his firearm with his right hand. [Exhibit A]. Denk raises his hands Miller shoots Plaintiff Denk in the left side of his face. [Exhibit A @ 00:00:41.542-00:00:41.708.]. The bullet went through the left cheek of Denk's face, shattering his upper teeth and upper palate. [Exhibit D ("Denk's Medical records")]. The bullet exited the right side of his neck and struck Plaintiff Denk's right shoulder. [Id.]. Miller exclaims, "shit! God Damnit!"– as if he was startled - after his weapon discharged, shooting Denk in his

face. [Exhibit A @ 00:43]. Defendant Matthew Miller's account and/or statement about this incident does not match the BWC evidence as it pertains to the location and/or placement of Plaintiff Denk's hands prior to Defendant Matthew Miller's discharge of his weapon. The evidence clearly shows both of Denk's hands and arms moving up toward the steering wheel - as he was ordered – prior to when he was shot. After being shot, Denk was charged with aggravated assault on Miller. Denk was subsequently acquitted of all charges. During the Trial Denk testified that he never pointed grabbed or touched the weapon on his lap while Miller was near him. [Exhibit E ("Denk trial Testimony") Pg 21, Ln 8-25, Pg 22 Ln1-17]. Denk further testified that when Miller commanded him to put his hands on the steering wheel, he "attempted to" but was shot in the face prior to completing the action. [Id.]

## SUMMARY OF ARGUMENT

The district court correctly denied summary judgment with respect to qualified immunity on the grounds that material factual issues were genuinely in dispute.[1] Therefore, this Court lacks jurisdiction for the interlocutory appeal. *See Maropulos v. Cnty. of Los Angeles*, 560 F.3d 974, 975 (9th Cir. 2009) (holding that "an order denying qualified immunity on the ground that a genuine issue of material fact exists is not a final, immediately appealable order").

Further, the district court clearly articulated the basis upon which they denied the qualified immunity claim when it expressed the positions of both parties. Specifically,

---

[1] See 9/23 order

the district court took time to recognize the essential factual disputes; Miller claimed

Denk reached for a weapon, and Denk claimed he did not.

Based on this factual dispute, viewing the dispute in the light most favorable

to Mr. Denk, coupled with a case with similar facts, the district court correctly

denied qualified immunity. As such, the instant interlocutory appeal should be

dismissed. For these reasons, the Appellee seeks dismissal of the instant

interlocutory appeal.

## I. __ARGUMENT__

### A. **Where a District Court Determines That Factual Issues Genuinely In Dispute Preclude Summary Adjudication, Interlocutory Appeal Is Not Available**

It has been well established that under 28 U.S.C. § 1291, appellate courts

have no jurisdiction to hear interlocutory appeals from the denial of summary

judgment. *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 944 (9th Cir. 2017).

Miller correctly notes that summary judgment denials on qualified immunity

grounds are "appealable 'final decisions.' This is so because such orders commonly

determine whether the defendant is entitled to immunity from suit. *Plumhoff v.

Rickard*, 572 U.S. 765, 772, 134 S. Ct. 2012, 2019, 188 L. Ed. 2d 1056 (2014). This

court further concluded that "A defendant who appeals a denial of qualified

immunity on the ground that his conduct did not violate the Fourth Amendment and,

in any event, did not violate clearly established law has raised legal issues that may

be properly heard in an interlocutory appeal. Simply put, appellate courts have

jurisdiction over "legal" but not "factual" interlocutory appeals. *A. K. H Supra* However, questions on evidence sufficiency, or "*i.e.,* which facts a party may or may not be able to prove at trial," are barred from being raised in an interlocutory appeal. (*Plumhoff supra*). Further, a District Court's determination that the summary judgment record raised a genuine issue of fact is not a "final decision" and is inappropriate for an interlocutory appeal. *Johnson v. Jones*, 515 U.S. 304, 313, 115 S. Ct. 2151, 2156, 132 L. Ed. 2d 238 (1995). Thus, an interlocutory appeal is unavailable to a defendant when the basis of the appeal is a dispute on the facts in the record. *Id.*

Here, Miller fails to raise any new legal arguments but instead alleges that the district court failed to consider Denk's out-of-context statements and simply accepted Plaintiff's "bald assertions." Miller further suggests that the district court erred by not accepting the facts presented by Defendant, i.e., Denk was armed and a threat to Miller, and should have disregarded Plaintiff's Statement of Facts, indicating that Denk raised his hands in response to Miller's commands prior to being shot in the face. It should be noted that Miller's allegation is not supported by the record or the District Court's order, and Plaintiff relied heavily on Miller's body-worn camera. (ER-4-18). Regardless, a plain reading of the District Court ruling would show that the Court considered Miller's well plead position that Denk posed an imminent threat to Miller to include Miller's allegation that Denk reached for the gun:

> Defendants dispute Plaintiff's version of the facts that led to

Sergeant Miller firing his service weapon and hitting Plaintiff. Defendants allege that Sergeant Miller drew his service weapon after he saw a black semiautomatic handgun between Plaintiff's legs and a pipe. (Defs. Statement of Facts (DSOF), Doc. 56 at 2 ¶ 7.) Defendants claim Sergeant Miller did not point his service weapon at Plaintiff. (Id. ¶ 8.) Defendants assert that Plaintiff did not comply with Sergeant Miller's order to put both hands on the steering wheel. (Id. ¶ 11.) Defendants contend that Sergeant Miller started to give Plaintiff a second command to put his hands on the steering wheel, and again Plaintiff did not comply, but instead started moving his right hand backwards on his right leg towards "his crotch area." (Id. ¶ 13.) Defendants assert that at that point, Sergeant Miller fired one round from his police department issued handgun, which struck Plaintiff. (Id. ¶ 16.)

ER-7-8

As shown above, the District Court considered Miller's versions of facts that Denk reached towards his crotch, where the gun was located between his legs. However, the District Court's order denying summary judgment and Miller's request for qualified immunity was unmistakably based on the determination that factual issues were genuinely in dispute. Again, the district court's reasoning was clearly articulated when it compared the facts of Denk's shooting to the facts of the *A.K.H* Case:

> "It was clearly established in 2019 that shooting a non-resisting, non-fleeing suspect before the suspect has a chance to comply with an officer's warning constituted excessive force under the Fourth Amendment. *See Garner, 471 U.S. at 4; A.K.H., 837 F.3d at 1011. In A.K.H.*, the officer drove up beside the plaintiff's vehicle, immediately commanded the plaintiff to take his hand out of his pocket, and shot the plaintiff just as he was taking his hand out of his pocket. 873 F.3d at 1012. Less than a second elapsed between the time the officer commanded the plaintiff to take his hand from his pocket and the officer shooting him. Id. In this case, the body-worn camera footage captured less than four minutes, and only about 5 seconds elapsed between the first time Sergeant Miller commanded Plaintiff to put his hands on the steering wheel and the time Miller shot Plaintiff in the face. The facts of this case are indistinguishable from the facts

8

in A.K.H. Thus, the Court concludes Sergeant Miller is not entitled to qualified immunity.

(ER-16-17)

Essentially, Miller's appeal is an attempt to overturn decades of caselaw and to persuade this court to assume the Defendant's facts over the Plaintiff's. However, it has been long held that when reviewing a summary judgment ruling, this Court must assume the version of the material facts asserted by the non-moving party to be correct." *Jeffers v. Gomez*, 267 F.3d 895, 905 (9th Cir. 2001). Miller's claim that Denk was armed, disobeying commands and reaching for his weapon was not presented by Plaintiff, nor was it stipulated. This is just one example of Miller's attempt to re-argue the facts in front of this court. However, this tactic has always been rejected. It has been held that the appellate court reviewing the denial of the defendant's claim of immunity need not consider the correctness of the plaintiff's version of the facts nor even determine whether the plaintiff's allegations actually state a claim. All it needs to determine is a question of law: whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions or, in cases where the district court has denied summary judgment for the defendant on the ground that even under the defendant's version of the facts the defendant's conduct violated clearly established law, whether the law clearly proscribed the actions the defendant claims he took. *Jones*, 515 U.S. at 312, (1995). Here, while Miller does argue that he did not violate clearly established law based on the facts in the light most favorable to Denk, his argument is premised on erroneously viewing the evidence in the light most favorable to Miller and

challenges the district court's view of the evidence in the record entirely. Ultimately, the District Court determined that factual issues genuinely in dispute included not only summary judgment but also qualified immunity. Thus, this Court does not have jurisdiction to hear this argument at this juncture, and Miller's current argument is inappropriate currently.

As a policy, Miller's approach to this appeal should be rejected. As indicated above, 28 U.S.C. § 1291 grants appellate courts jurisdiction to hear appeals only from "final decisions" of district courts. Given this statute, the Supreme Court has held that interlocutory appeals are the exception, not the rule. *Johnson v. Jones*, 515 U.S. 304, 309, 115 S. Ct. 2151, 2154, 132 L. Ed. 2d 238 (1995). See also *Richardson–Merrell Inc. v. Koller,* 472 U.S. 424, 430, 105 S.Ct. 2757, 2760, 86 L.Ed.2d 340 (1985); *Flanagan v. United States,* 465 U.S. 259, 263– 264, 104 S.Ct. 1051, 1053–1054, 79 L.Ed.2d 288 (1984); *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981). It is the exception based on judicial economy and the essential structure of our judicial system. If a party could simply appeal every non-dispositive district court decision, the appellate courts would be overwhelmed with issues more suited for the district courts. Additionally, the constant micro-managing of district court rulings by the appellate court would make it more difficult for trial judges to do their basic job— supervising trial proceedings. It can threaten those proceedings with delay, adding costs and diminishing coherence. *Id*. It also risks additional and unnecessary

appellate court work either when it presents appellate courts with less developed records or when it brings them appeals that, had the trial simply proceeded, would have turned out to be unnecessary. *Id.*

### B. The District Court Correctly Ruled That Miller Was Not Entitled to Qualified Immunity

In cases involving questions of qualified immunity, [f]irst, a court must decide whether the facts that a plaintiff has alleged … or shown … make out a violation of a constitutional right. *Pearson v. Callahan*, 555 U.S. 223, 232, 129 S. Ct. 808, 815–16, 172 L. Ed. 2d 565 (2009). Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Id.*

Denk respectfully argues that this Court's review and analysis of Miller's appeal are constrained to issues that present legal pitfalls in the lower Court's ruling. *See Johnson v. Jones*, 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). In *Johnson v. Jones,* the Supreme Court explained that any ""portion of a district court's summary judgment order that, though entered in a 'qualified immunity' case, determines only a question of 'evidence sufficiency,' *i.e.*, which facts a party may, or may not, be able to prove at trial ... is not appealable."" *Id.* at 115 S.Ct. 2151. By contrast, any portion of a summary judgment order that turns on "the application of 'clearly established' law to a given (for appellate purposes undisputed) set of facts" is immediately appealable. *Id. Est. of Anderson v. Marsh*, No. 19-15068, 2021 WL

11

139733 (9th Cir. Jan. 15, 2021).

Review of a lower court's "denial of qualified immunity is de novo." *See Rice v. Morehouse*, 989 F.3d 1112, 1120 (9th Cir. 2021). Moreover, the Court must affirm the district court's denial if, after "resolving all factual disputes and drawing all inferences" in [Denk's] favor, [Miller's] conduct "(1) violated a constitutional right that (2) was clearly established at the time of the violation." *Ballou v. McElvain*, 29 F.4th 413, 421 (9th Cir. 2022).

Essentially, Miller's argument is based on the contention that the District Court Judge did not consider the facts in light most favorable to the Miller, which is not the legal standard for any Motion for Summary Judgment. *Ballou v. McElvain*, 29 F.4th 413, 421 (9th Cir. 2022). It was unreasonable for Miller, to shoot Denk, even though he had a gun in his lap, because at the time he was shot, he was complying with Miller's commands. Moreover, the video evidence, Denk's Trial Testimony, and Miller's trial testimony reveal that Denk was complying with his commands, and both hands were empty. (BWC) All of the above facts were considered by the District Court prior to making her ruling on Defendant's Motion for Summary Judgment. Even if you assume, for purposes of the Defendant's argument, that a person is armed whenever a weapon is in their reach, the parties dispute whether Mr. Denk reached for the weapon.

The video evidence, which was provided by both parties, shows that Mr.

Denk, (1) looks down when Miller mentions the weapon he sees in his lap, (2) Mr. Denk's right hand is clearly on his right knee, (3) between the time the officer says, I see you have a weapon, Mr. Denk's right hand does not move, (4) before the officer makes the second command, Mr. Denk moves his fingers to the right side of his leg, away from his crotch, (5) the officer then yells (his second command) put your hands on the steering… and simultaneously as the officer is yelling put your hands on the steering … Mr. Denk raises his hands towards the steering wheel and the officer shoots Mr. Denk in his face before he could complete his command but after Mr. Denk's hands were raised. (BWC) These are the facts that the Court considered.

Although the facts remain in dispute, whether Denk disobeyed Sgt. Miller's commands and reached for his weapon, Miller improperly requests this Court to go against precedent.  Reaching for the weapon as Miller asserts and moving a hand towards a person's crotch are not the same thing, even if as weapon is located in the person's lap.  Had Denk stated he reached for the weapon as Miller asserts, although the statements would be the same, that statement, still wouldn't comport with the evidence.

In this case, there is a genuine dispute as to whether Mr. Denk reached for the weapon that was in his lap.  Moreover, Miller's BWC video (hereinafter, "video") does not show Denk reaching for the weapon because it just did not happen. (BWC) The video never shows a sudden movement of Mr. Denk's hands until he raises them in compliance of Sgt. Miller's second command to raise his hands towards the

steering wheel. Again, Miller's argument that Mr. Denk reached for his weapon and disobeyed Sgt. Miller's commands are not supported by the record, specifically, the body worn camera. (BWC)

…[I]n the deadly force context, we cannot "simply accept what may be a self-serving account by the police officer. *Cruz v. City of Anaheim*, 765 F.3d 1076, 1079 (9th Cir. 2014). Unlike the *Cruz* Court's contention, Miller wants this Court to view the facts from his point of view however, the video evidence does not support Miller's belief of what happened. (BWC) Additionally, Miller's use of the holding in *Estate of Lopez by and through Lopez v. Gelhaus*, 871 F.3d 998, 1012 (2017) is misplaced. In *Estate of Lopez*, the facts were riddled with inconsistent statements by the officers in relationship to video evidence. *Estate of Lopez by and through Lopez v. Gelhaus*, at 1007 to 1011. In *Estate of Lopez*, the decedent, Andy, was holding a weapon during the time he was surrounded by officers. *Id.* Unlike *Estate of Lopez,* Denk never held the weapon in his hand during the time Miller was at the driver's door. Like *Estate of Lopez*, Miller's video controverts his statements about Denk and provides objective evidence as to where Denk's hands were at the time of the encounter and shows Denk raising his hands in compliance with Miller's commands. (BWC) As such, Denk did not pose an immediate threat to Miller as he would like this Court to believe.

It is important to note that Miller leaves out an important distinction from *Cruz* in his appeal memorandum. In *Cruz,* an informant told police officers that Cruz

14

was a dangerous person, was armed with a 9mm, was carrying the gun in his waistband and stated he "wasn't going back", he attempted to escape law enforcement by backing his vehicle into a law enforcement vehicle, once he stopped, Cruz opened the door and police commanded him to get on the ground, Cruz ignored their commands and reached for his waistband, and officers opened fire. *Estate of Lopez by and through Lopez v. Gelhaus*, 871 F.3d 998 at 1011 to 1012. The Court in Cruz, denied summary judgment relief because "the only evidence of Cruz's threatening gesture was the officers' self-serving testimony, and because there was circumstantial evidence that could permit a reasonably jury to find "that the officers lied." *Est. of Lopez by & through Lopez v. Gelhaus*, 871 F.3d 998, 1012 (9th Cir. 2017). … [This Court has previously] "held that mere possession of a weapon is insufficient to justify the use of deadly force." *See Est. of Lopez by & through Lopez v. Gelhaus*, 871 F.3d 998, 1013 (9th Cir. 2017) *quoting Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). As such, Miller's assertion that there is no clearly established law to place him on notice that he can't shoot an armed person who disobeys officer's orders and reaches towards a weapon is misplaced. Like *Cruz* and *Gelhaus* the video evidence in Miller's case is dispositive as it pertains to how to handle disputed issues of fact. Here, the Court can't just rely on an officer's self-serving testimony particularly where there is evidence to prove otherwise. *See Est. of Lopez by & through Lopez v. Gelhaus*, 871 F.3d 998 (9th Cir. 2017).

An Officer "may [not] . . . use deadly force when the suspect "appears to have been complying with [the officer's] order to show his hands," was not "charging" the officer, and was "follow[ing] all orders ... at the time [the suspect] was shot."" *Xavier Lopez, Plaintiff-Appellee, v. City Of Riverside; Evan Wright, Defendants-Appellants, & Does, 1 through 10, inclusive, Defendants.*, No. 22-55723, 2023 WL 8433959, at *2 (9th Cir. Dec. 5, 2023) quoting *Hayes v. Cnty. of San Diego,* 736 F.3d 1223, 1233 (9th Cir. 2013). None of the cases Miller relies upon as it pertains to his qualified immunity argument "endorse an officer's use of force against a suspect whose hands were empty and already raised before he was shot." *Xavier Lopez, Plaintiff-Appellee, v. City Of Riverside; Evan Wright, Defendants-Appellants, & Does, 1 through 10, inclusive, Defendants.*, No. 22-55723, 2023 WL 8433959, at *2 (9th Cir. Dec. 5, 2023). Therefore, Miller was on notice as it pertains to Denk's constitutional rights and the law at the time of this incident was clearly established. (ER- 16-17) The "robust consensus of authority" in March of 2019 placed Miller on "fair notice" that his actions were unconstitutional. As such, this Court should deny Miller's Appeal.

## II.   __CONCLUSION__

The district court correctly found that there were triable issues of material fact which resulted in the denial of Miller's request for qualified immunity. Therefore, this Court lacks jurisdiction over the instant appeal and Appellant's Interlocutory appeal should be denied/dismissed on that

ground alone.

Additionally, the district court correctly denied qualified immunity on the grounds that there exist triable issues of material fact and therefore the denial of qualified immunity should be affirmed.

Additionally, the district court correctly held that Miller did not pose an immediate threat of death or serious bodily injury and that the law was clearly established that an officer may not use deadly force to apprehend a suspect where the suspect poses no immediate threat to the officer or others. Therefore, the district court correctly denied Miller's request for qualified immunity, and this Court should affirm the lower court's decision.


Respectfully submitted,


DATED: March 27, 2024            BLACKWELL LAW OFFICE


                                 By_s/ Jocquese L. Blackwell_____
                                     Jocquese L Blackwell
                                     Gillmore B. Bernard
                                     Attorneys for Plaintiffs-Appellees

17

## **STATEMENT OF RELATED CASES**

There are no additional related cases.

## **CERTIFICATE OF COMPLIANCE**

The foregoing Appellants' Brief is printed with 14-point Times New Roman, a proportionately spaced typeface. The word count for the brief is 5,416 words based on the word count provided by the word processing system on which this brief was composed.

DATED: March 27, 2024       BLACKWELL LAW OFFICE

                        By _s/ Jocquese L. Blackwell_____
                           Jocquese L Blackwell
                           Gillmore B. Bernard
                           Attorneys for Plaintiffs-Appellees

9th Circuit Case Number(s)

23-2675

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date)   03/27/2024  .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format)     /s/ Gillmore Bernard

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date)                    .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)